[No. 3,621.]

THE STOCKTON AND LINDEN GRAVEL ROAD COMPANY *v.* THE STOCKTON AND COPPEROPOLIS RAILROAD COMPANY, AND E. S. HOLDEN, A. CLARK, FRANCES AVERY, A. JACKSON, D. H. McDONALD, J. H. MOULTON, EUGENE SULLIVAN, SAMUEL PURDY, AND A. H. WHITNEY.

CORPORATION DE FACTO.—If a plank and turnpike road company effects a preliminary organization and adopts a code of by-laws, and in good faith thereafter acts as a corporation, it becomes a corporation *de facto*, although a final organization is not effected.

TRESPASS ON PROPERTY OF CORPORATION DE FACTO.—If a corporation *de facto* is in the actual possession of a public highway, under a grant of a franchise to improve and collect tolls on the same, a mere trespasser cannot justify his entry thereon on the ground that it was only a corporation *de facto*, and was not *de jure* entitled to the franchise.

IDEM.—A mere intruder upon the property of a corporation *de facto* cannot inquire into its right as a corporation to hold such property.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The plaintiff claimed to be a corporation formed under the " Act to authorize the formation of corporations for the construction of plank or turnpike roads," approved May 12th, 1853.

Twelve persons, on the 19th day of March, 1869, signed the notice to organize a company under said Act, to construct a road in the County of San Joaquin, from the junction

of the road known as the Mokelumne Hill Road with East street, on the environs of the City of Stockton, to the Village of Linden, a distance of twelve miles.    The notice designated the thirty-first day of March following, as the day of effecting a preliminary organization, and it was published as required by law.    On the last named day the preliminary organization was effected, by the subscribers to the notice electing a President, Secretary, and Treasurer, and designating the "Stockton and Linden Turnpike Road Company" as the corporate name, and a certificate to that effect was filed with the Recorder.    A code of by-laws was also adopted, May 6th, 1868, by the Board of Directors, and filed with the Recorder.    A map and plan of the road was filed, June 8th, 1868, with the Recorder.    It did not appear that any books were opened for subscription to stock, or that a final organization had been effected by a meeting of the stockholders called by the President and Secretary for the purpose of electing a Board of Directors and filling the offices as required by the seventh section of the Act.    Section ten of the Act provides that unless the preliminary organization be made within one month after the publication of the notice of declaration of intention, and that unless the whole amount of capital stock designated shall be subscribed and the final organization be made within six months after the preliminary organization, or an amount equal to ten per cent or more of the capital stock be paid in and the survey filed within one month after the final organization, the company shall be deemed to have abandoned its intention, and shall be dissolved by operation of law.

In 1868 (Laws 1868, p. 159) an Act was passed allowing the Supervisors of San Joaquin County to grant any portion of a public or county road to any corporation which might be desirous of turnpiking any part thereof.

On the 29th day of August, 1868, the Board of Supervisors granted to the plaintiff, under said Act, the right to enter upon "so much of a public highway called the Mokelumne Hill road as lies and is between the intersection of the road of the Stockton and Linden Turnpike Road Company with East street, and running along East street, in a southerly direction, to Weber Avenue; thence along Weber Avenue to Aurora street, on the eastern boundary of the City of Stockton." The road covered by said grant was not a part of the plaintiff's turnpike, and the Board, on the twenty-first day of November thereafter, fixed the rates of toll to be charged thereon. The plaintiff soon after turnpiked the road thus granted, and erected a toll-gate thereon. The defendant (the railroad company) entered afterwards upon that part of plaintiff's road lying along Weber Avenue and betwen Aurora and East streets, and built and operated a railroad thereon.

This action was brought to recover possession of that portion of the road thus appropriated by the railroad company, and for damages. The other defendants were the officers of the railroad company. The plaintiff was nonsuited by the Court below, and brought this appeal.

*L. T. Carr*, for Appellant.

Under our laws corporations have a legal existence from the time of filing the certificate in the Clerk's office. (14 Cal. 424.) So, under the Act in question, the plaintiff had a corporate existence from the time of filing the certificate in the Recorder's office. Its corporate capacity can only be inquired into by the State, when it claims and is exercising corporate powers, either *de jure* or *de facto*. (*Rondell* v. *Fay*, 32 Cal. 354; 26 Cal. 286; 37 Cal. 354; 37 Cal. 238; Corporation Act, Sec. 6, Stats. 1862, p. 110.)

The plaintiff exercised corporate powers in good faith. It elected officers, passed by-laws for the management of

the affairs of the corporation, made and filed by-laws, and a survey of the road, and the declaration of intention in the office of the County Recorder; was authorized by the Board of Supervisors to establish and collect tolls as a corporation, and collected tolls.

The plaintiff was authorized to receive and hold the right granted by the Board of Supervisors, whether it was a corporation *de jure* or *de facto*. (Corporations, General Law, Sec. 1, Hittell's Digest, Article 745; Statute Plank and Turnpike Roads, Hittell's Digest, Sec. 12, Article 905.)

The defendants were naked trespassers, and could not question the good faith of plaintiff's possession. (4 Cal. 308.)

*W. L. Dudley* and *J. H. Budd*, for Respondents.

The plaintiff was not a corporation, either *de jure* or *de facto*. There was no final organization of plaintiff as a corporation. Unless the final organization shall be made within six months after the preliminary organization, the company shall be dissolved by operation of law. (Hittell, Art. 903.)

The preliminary organization, by the express terms of the statute, could continue plaintiff's corporate existence for no greater period than six months.

Plaintiff did not prove that any amount had been determined upon, or fixed as its capital stock, or that any capital stock had been subscribed, or that there had been any meeting of stockholders, or election of Directors, or, in fact, any act of plaintiff as a corporation subsequent to its preliminary organization.

The omission of acts declared by statute to be necessary steps in the process of incorporation will be fatal, even when the existence of a corporation is attacked collaterally. (*Mokelumne Hill Mining Co.* v. *Woodbury*, 14 Cal. 427; *Harris* v. *McGregor*, 29 Cal. 127.)

The failure to subscribe stock, elect officers, or to do any corporate act subsequent to the preliminary organization, shows that plaintiff is not a corporation *de facto.* (*O. & V. R. R. Co.* v. *Plumas County*, 37 Cal. 361, 362.)

The Board of Directors of plaintiff could exercise the corporate powers of plaintiff to the extent only as prescribed by the resolutions and by-laws passed or enacted by the stockholders. (Hittell, Art. 912; *Hall* v. *Crandall*, 29 Cal. 568.)

Even conceding the plaintiff had an existence as a corporation, and that its existence as such corporation cannot be attacked collaterally, this does not prove its possession of a franchise to build and maintain a toll road on Weber Avenue, in complaint mentioned. (*Schierbold* v. *N. B. & M. R. R. Co.*, 40 Cal. 453.)

*D. S. Terry*, for Appellant, in reply.

In granting the franchise to plaintiff, the Supervisors acted within their jurisdiction, and their action can no more be attacked collaterally than the judgment of a Court. (*Waugh* v. *Chauncey*, 13 Cal. 11; *Fall* v. *Payne*, 23 Cal. 302; *Murray* v. *Board of Supervisors of Mariposa*, id., 492.)

By the general law the Supervisors were empowered "to lay out, control, and manage public roads, turnpikes, ferries, and bridges." (1 Hittell, 6978.)

This authority is sufficiently broad to cover the order made in favor of plaintiffs without reference to the Act of 1868. The Supervisors had jurisdiction of the subject matter, and their order was valid and binding until set aside by a superior tribunal.

The Act under which plaintiff was organized authorized turnpike roads to be constructed upon portions of public highways, and provides for a relocation of such highways in that event. (1 Hittell, Sec. 910.)

The plaintiff having constructed the road, and being in actual possession, the defendants, who are mere trespassers, cannot inquire into the legality or into the good faith of the possession. (*Eberhart* ·v. *Tuolumne Water Company*, 4 Cal. 308; *Mitchell* v. *Hagood*, 6 Cal. 148.)

By the COURT:

The plaintiff was a corporation *de facto* at all events, and, as such, was in the undisputed possession and control of the road running along East street and Weber Avenue, under the grant it obtained from the Board of Supervisors of San Joaquin County, pursuant to the provisions of the Act of March 14th, 1868, enlarging the powers of the Board. In this condition of things the defendant entered upon the road along· Weber Avenue and took it into possession, and now undertakes to defend this action on the ground that the plaintiff was not a corporation *de jure*, nor *de jure* entitled to the franchise of which it has been by this means deprived.

We think that, under such circumstances, the title of the plaintiff cannot be inquired into by the defendant, who is a mere intruder upon the Weber Avenue road, and that, until ousted by some direct proceeding instituted for that purpose, its possession cannot be rightfully disturbed.

There is nothing in the other points.

Order denying new trial reversed and cause remanded.