[No. 6,687.—Department No. 2, and in Bank.]

## BAKERSFIELD · TOWN HALL ASSOCIATION *v.* CHESTER.

CORPORATION.—In an action by a *de facto* corporation, claiming in good faith to be a corporation under the laws of this State, and doing business as such, *held*, that the question of the due incorporation of the association could not be inquired into.

STATUTE OF LIMITATIONS—GIFT—EQUITABLE TITLE—ADVERSE POSSESSION.— A gift may be made of real estate, if possession is given and taken under the gift, and acts done by the donee to carry out the purpose of the gift. In such case the donee acquires the equitable title, and is entitled to a specific performance; or he may, by adverse possession, acquire the legal title.

ID.—SUCCESSIVE POSSESSION—PRIVY.—Several parties signed an agreement to form a joint-stock company to build a public hall and Odd Fellows' Lodge, in the town of Bakersfield, and, a parole gift of land having been made to them for the purpose, they took possession thereof, and commenced building. Afterward, a corporation was formed, in pursuance of the agreement, to which the possession was transferred. In an action of ejectment, by a corporation, in which it appeared that there had been a continuous adverse possession by the parties signing the written agreement, and the corporation, for more than five years before the ouster, *held*, that the plaintiff was entitled to recover.

APPEAL from a judgment for the plaintiff, in the Sixteenth District Court, County of Kern. REED, J.

According to the complaint, and the findings, the ouster complained of took place on or about January 1st, 1877.

The other facts are stated in the opinion.

*Stetson & Houghton*, for Appellant.

To recover upon possession alone, the plaintiff must show that he has paid all the taxes for five years. (Code Civ. Proc. § 325.) The complaint alleges an ouster on January 1st, 1877. The association could not have entered into possession earlier than May 6th, 1872, the day its articles were recorded.

*V. A. Gregg*, for Respondent.

MYRICK, J.:

This is an action of ejectment to recover two town lots in the town of Bakersfield. Judgment was rendered for plaintiff, and defendant appealed.

Plaintiff relies upon parole gift from Thomas Baker, and occupation for more than five years. Defendant relies upon title acquired by a deed from Thomas Baker to G. B. Chester, dated October 23rd, 1869, recorded August, 1870, and from G. B. Chester to Julius Chester, (defendant) dated January 3d, 1873, recorded January, 1876.

The evidence given by plaintiff tended to prove that in the fall of 1871, several residents of Bakersfield, wishing to erect a hall for public purposes, signed an agreement as follows:

"The undersigned agree to form a joint-stock company to build a public hall, and Odd Fellows' Lodge, in the town of Bakersfield, and will take the number of shares attached to our names in the capital stock, to consist of 300 shares of $10 each, payable when the entire amount is taken. The company to be formed on the express condition that no assessment shall ever be made on the shares of stock."

Among the signers were Julius Chester 50 shares, Thomas Baker 20 shares, G. B. Chester 5 shares, who were also actual

promoters of the enterprise. A building committee was appointed, who employed a builder. The understanding was, that Thomas Baker was to donate two lots upon which the building was to be erected; and in that view he went upon and pointed out lots 7 and 8, and had them staked off. The lots were then worth about $25 each. The building was commenced November 9th, 1879. Both the Chesters participated in the meetings held, in the collection of subscriptions, and in the sale of materials; both knew that the building was being erected for the purpose and on the lots indicated, and neither made any claim of ownership of the lots. In the winter of 1872, one of the subscribers objecting to paying his subscription, unless the title had passed, Julius Chester said he would get a deed, or have a deed from Baker to the association, put on record when the second story was completed. During all this time it was generally understood that the title was still in Baker. The building was completed in April, 1872, occupying a portion of each lot, and the upper story was at once occupied by Masonic and Odd Fellows' lodges, as tenants of the association, and such occupation continued to the time of trial. The lower story was used as a public hall for public meetings, and was rented by the association for various purposes, such as dramatic troupes, skating-rink, shows, lectures, etc., rents being paid to and received by the association. On the 20th of May, 1872, articles of incorporation were signed by nine persons, including Julius Chester, the name of the corporation to be "Bakersfield Town Hall Association"; the object to be, "to own, hold, control and lease a certain hall situate in said town of Bakersfield." Five trustees were named, one of whom was Julius Chester. The articles were acknowledged May 20th, 1872, and on the same day were recorded in the office of the County Recorder, but were not filed in the office of the County Clerk. The association thence continuously occupied the building as above stated, and claimed in good faith to be a corporation under the laws of this State, and did business as such. Defendant was at one time president of the association; both the Chesters knew of its affairs and business. In the latter part of 1877, defendant entered into and took possession of the lower story of the building, and excluded the association therefrom, and this suit was thereupon brought.

Defendant seeks to have the judgment reversed, and alleges that plaintiff is not a corporation, its articles not having been filed in the office of the County Clerk; and that he is the holder of the legal title; and that in an action of ejectment, the equitable rights of plaintiff, if there be any, cannot be adjudicated.

Section 6 of the act concerning corporations (Hitt. Gen. Laws, art. 751) contained the proviso, " that the question of the due incorporation of any company, claiming in good faith to be a corporation under the laws of this State, and doing business as such corporation, or of its right to exercise corporate powers, shall not be inquired into collaterally in any private suit to which such *de facto* corporation may be a party."

This proviso has been referred to in various decisions by this Court, viz.: *Rondell* v. *Fay*, 32 Cal. 354; 26 id. 236; *O. & V. R. R. Co.* v. *Plumas Co.* 37 id. 354. In the latter case the point was distinctly presented, and Mr. Justice RHODES, delivering the opinion of the Court, uses the following language: "Many of the acts required to be performed in order to make a complete organization of the corporation may have been irregularly performed, or some of them may have been entirely omitted, and the rule of the statute is, that such irregular or defective performance shall not defeat the incorporation when drawn into question collaterally. The omission of the names and number of the first trustees from the articles of association, the failure to file a duplicate of the articles of association with the Secretary of State, * * insufficient acknowledgment, are irregularities that will not defeat the corporation. A substantial compliance with the requirements of the statute will be sufficient." (See, also, *S. & L. G. R. Co.* v. *S. & C. R. R. Co.* 45 Cal. 680.) The Court says: "The plaintiff was a corporation *de facto* at all events, and, as such, was in the undisputed possession and control of the road. * * In this condition of things, defendant entered upon the road along Weber Avenue, and took it into possession, and now undertakes to defend this action on the ground that the plaintiff was not a corporation *de jure*. * * We think that, under such circumstances, the title of the plaintiff cannot be inquired into by defendant, who is a mere intruder." It is sufficient if the company claims in *good faith* to be a corporation under the laws of this State, and is

doing business as such corporation. In the case at bar, these two essentials clearly appear. The parties signed and acknowledged articles of incorporation stating the object, name, duration, amount of capital stock, place of business, the number of trustees, and named those to act for the first three months. They attempted to file the articles, but filed them with the wrong officer. The association took possession of the property and did the business named in the articles. We think that the question of the due incorporation of the association, or its right to exercise corporate powers, cannot be inquired into in this action. The Court below found that the articles of incorporation were, and had been " for several years, in the custody of the County Clerk of Kern County, and among the archives of his office." We see no evidence to support this finding; but, from the views above expressed, it is immaterial whether the finding in that respect was supported or not.

The testimony, as above stated, tended to show that defendant and his grantors, even if they had the legal title, were not in possession of the premises at any time from November 9th, 1871, until the latter part of 1877; on the contrary, that in November, 1871, the parties subsequently incorporating took possession of the premises, with the knowledge and consent of Baker, Chester, and Chester, and held the same until May 20th, 1872; and that, from that day, the association exclusively held and possessed the same, claiming to be the owner, with the knowledge and consent of Baker, Chester, and Chester, not as a tenant of them, or either of them; and so held and possessed the same until the entry of defendant in the fall of 1877. The above was specially found by the Court, except that the finding dates the entry of defendant in November, 1876. This gave title to plaintiff, and it was entitled to recover.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

By the COURT (in bank, on petition for rehearing):

The application that this case be heard in bank is denied. A gift of real estate may be made by parole, if possession is given and taken under such gift, and acts done by the donee to carry

out the purpose of the gift. (*Freeman* v. *Freeman*, 51 Barb. 306; 43 N. Y. 34.) The donees took possession in November, 1871, and erected the building for the purposes expressed in their agreement, and when the corporation was organized, it succeeded to the rights of the donees, thus making the possession for five years from November 9th, 1871, adverse to the defendant, and vesting title. The gift, though in form by Baker, was, in effect, the gift of G. B. Chester and J. Chester as well; it transferred an equitable title from Baker, Chester, and Chester, which would entitle the donees and their successors to have a decree giving them the legal title; or they could, by adverse possession, acquire such legal title.