[L. A. No. 1058.  Department One.—October 8, 1902.]

SAN DIEGO GAS COMPANY, Appellant, v. J. A. FRAME et al., Defendants; GEORGE LABEE, Respondent.

CORPORATIONS—ORGANIZATION—MISFILING OF ARTICLES BY CLERK—COLLATERAL ATTACK—ACTION TO QUIET TITLE.—Where the articles of incorporation of a gas company were in fact delivered to the county clerk, who was *ex officio* recorder, and who erroneously marked them as filed in the recorder's office, and upon the filing of a duplicate

thereof with the secretary of state a certificate of incorporation was issued by him, the law was substantially complied with, and the legality of its organization cannot be collaterally attacked in a suit to quiet title to property acquired by deed to the corporation.

Id.—Cessation to Transact Business.—A corporation which has been organized in substantial compliance with law, has elected directors, and adopted by-laws, and begun in good faith to transact business as a corporation, has the full term of life prescribed by law, and does not become dissolved or cease to exist by cessation thereafter to transact business.

Id.—Deed Prior to Organization—Delivery.—A deed to the corporation, though executed prior to its organization, took effect only when it was delivered to the corporation after the filing of its articles. · ·

Id.—Action by Corporation—Authority of Attorneys—Erroneous Dismissal.—An action by a corporation to quiet title to its property brought by attorneys who were authorized to represent it by its president and secretary, and by those who represented all of the stock of the incorporation at the time, is brought by authority of the corporation, which cannot be questioned by third parties; and a dismissal of the action for want of sufficient authority of the attorneys is erroneous.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Appellant.

William Humphry, J. S. Callen, and J. Wade McDonald, Jr., for Respondent.

VAN DYKE, J.—This is an action to quiet title to certain real estate situated in the city of San Diego. George Labee, one of the defendants, in his amended answer denied the plaintiff was ever organized as a corporation under the laws of the state of California, and also asserted title in himself, and pleaded the statute of limitations. Thereafter said defendant moved the court to dismiss the action on the grounds, among others, that said corporation was never legally formed, and that it had ceased to exercise any corporate powers, and, further, that the attorneys who brought the action were not properly authorized, which motion was granted by the court,

and this appeal is taken by the plaintiff from the judgment and order dismissing the said action.

On the hearing of the motion, as appears by the bill of exceptions brought up, it was shown that a certificate of incorporation was filed in the county recorder's office of San Diego County, instead of the county clerk's, September 28, 1870, at the request of J. B. Boyd, one of the incorporators; that the certificate was in the usual form and was duly signed and acknowledged; that a copy of the certificate and the acknowledgment was certified on the twenty-eighth day of September, 1870, by the county recorder, and filed in the office of the secretary of state October 10, 1870; that the company organized, all the incorporators and trustees being present, at a meeting on November 21, 1870, and thereupon from said directors elected William H. Perry president, John B. Boyd secretary, John Goller treasurer, and adopted a set of by-laws; also, levied an assessment of one dollar per share on the capital stock. The trustees met the following day, November 22d, and ordered a seal and transacted other business. The record also shows that on August 13, 1870, an ordinance was passed by the city of San Diego, granting to William H. Perry and his associates a gas franchise, and ratifying an ordinance previously passed fixing the location of the gas-works provided in said franchise, and on August 22, 1870, acknowledging that work had commenced on the construction of the gas-works by William H. Perry and his associates. Also there was introduced in evidence on said hearing a copy of a deed of trust dated September 24, 1870, made by William H. Perry and his associates to the plaintiff company of said gas franchise and certain lots in Horton's Addition, being the real estate involved in this action.

The respondent contends that the plaintiff never was a corporation *de jure* or *de facto*, as the law required the articles of incorporation to be filed in the office of the county clerk, whereas in this case they were filed with the county recorder. But it was shown on the hearing in the court below, and stipulated as a fact, that at that date—to wit, September 28, 1870—the county clerk of San Diego County was *ex officio* county recorder of said county. In *Bakersfield etc. Assn.* v. *Chester*, 55 Cal. 98, it appears that the articles of incorporation in that case were recorded in the office of the county recorder, but

were not filed in the office of the county clerk; and upon this ground it was contended that it never became a corporation. After citing the statute in reference to the formation of corporations, the court says: "The parties signed and acknowledged articles of incorporation stating the object, name, duration, amount of capital stock, place of business, the number of trustees, and named those to act for the first three months. They attempted to file the articles, but filed them with the wrong officer. The association took possession of the property and did the business named in the articles. We think that the question of the due incorporation of the association, or its right to exercise corporate powers, cannot be inquired into in this action." In *Oroville etc. R. R. Co.* v. *Supervisors of Plumas County,* 37 Cal. 354, the court says: "Many of the acts required to be performed in order to make a complete organization of the corporation may have been irregularly performed, or some of them may have been entirely omitted, and the rule of the statute is, that such irregular or defective performance shall not defeat the incorporation when drawn into question collaterally. The omission of the names and number of the first trustees from the articles of association, the failure to file a duplicate of the articles with the secretary of state, . . . insufficient acknowledgment, are irregularities that will not defeat the corporation. A substantial compliance with the requirements of the statute will be sufficient to show a corporation *de jure* in an action between the corporation and a private person." "It has been frequently held that, although many of the acts required to be performed in order to make a complete organization of the corporation may have been irregularly performed, or entirely omitted, yet such irregularities and defects will not defeat the incorporation where the questions are raised collaterally." (*Los Angeles Holiness Band* v. *Spires,* 126 Cal. 545, and cases cited.) The respondent seems to rely upon *Martin* v. *Deetz,* 102 Cal. 55,[1] but in that case, as stated in the opinion of the court: "The directors named in the articles for the first year never met or acted, but deliberately refused to do so; no stock was ever issued; no persons ever met, or pretended to meet, in corporate body assembled; no officers were ever elected; no person was ever appointed by the asserted corporation to represent it in any

[1] 41 Am. St. Rep. 151.

way, or to act as its agent; no journal or record of the pro-
ceedings of the body corporate was ever kept, and it was never
in a position to exercise, or to pretend to exercise, any of the
powers granted to corporations."

In this case the law was substantially complied with. Ar-
ticles of the incorporation, properly signed and acknowledged,.
were, it seems, handed to the county clerk, or .rather his.
deputy, and the fact that said officer (the county clerk being
at the same time county recorder) marked the document as.
filed with the recorder instead of with the county clerk would
not have the effect to defeat the formation of the corpora-
tion. The incorporators and trustees thereafter met and
organized in the usual manner, elected officers, and adopted a.
seal and by-laws. The corporation thereupon purchased and
received a conveyance by deed of the real property selected
under the direction of the city authorities as the site for the
proposed gas-works,—being the land in question in this action,
—for which it paid the sum of one thousand dollars, and also
received a transfer of the franchises granted by said city for
carrying on said work, purchased some gas-retorts, and com-
menced digging the pit for the gasometer. These acts consti-
tuted an organization and commencement to transact business
as a corporation within the meaning of the law. It appears,
however, that it failed to go on with the work of erecting gas-
works, or to transact any business after November, 1870.
Appellant suggests that this failure to proceed further was
because other parties about that time erected gas-works at
that place, and this failure to carry on the business for which
the company was formed for so many years is urged by the
respondent as another ground in support of his contention that
the plaintiff was not a corporation when this action was
brought. But a corporation once formed and organized ac-
cording to law does not become dissolved or cease to exist
merely because of a failure to transact business. Its term of
life is prescribed by law, and only at the instance of the state
can its existence in the mean time be questioned. This rule
applies also in case of a *de facto* corporation. By the statute
existing at the date that this corporation was formed (and a
similar provision is carried into the Civil Code) it is declared:
"If any corporation, formed under the laws of this state, shall
not organize and commence the transaction of its business

within one year from the date of its incorporation, its corporate powers shall cease; *provided,* that the question of the due incorporation of any company, claiming in good faith to be a corporation under the laws of this state, and doing business as such corporation, or of its right to exercise corporate powers, shall not be inquired into collaterally, in any private suit to which such *de facto* corporation may be a party; but such inquiry may be had at the suit of the state, or information of the attorney-general.'' (Sec. 6, act concerning corporations, as amended in 1862,—Stats. 1862, p. 110.)

It is further suggested by respondent that the deed to the plaintiff corporation of the real estate involved in this action bears date four days before the articles of the incorporation were filed, but a deed takes effect not from its date, but from its delivery, and the fact that it was delivered after the corporation was formed is shown by the proceedings of the trustees. At one of their meetings a resolution was adopted that said deed, together with the franchises from the city assigned to the corporation and other company papers, should be deposited at a certain place for safe-keeping.

There is nothing in the point that the attorneys who brought this action had no authority to do so. At the hearing of the motion to dismiss, Mr. Boyd testified: ''I directed Messrs. Withington and Carter to institute this action, but before doing so I saw Mr. Perry and the widow of Wallace Woodworth, who is administratrix of her husband's estate, and they consented to the bringing of this action and desired the action to be brought. Mr. Perry represented the interests of the Woodworth estate.'' He further testified that he owned one quarter of the stock, Perry one half, and the estate of Woodworth one quarter, and that directors Taggart, John Goller, and Wallace Woodworth had died several years prior. It appears, therefore, that the suit was brought upon the authority of the president and secretary and those who represented all the stock of the corporation at the time. And under the same authority or retainer, for all that appears, the same attorneys took the appeal and are now prosecuting the same in this court. Yet respondent has not even suggested that they are here without authority, or that the corporation appellant has not authorized them to represent it. Under these circumstances the corporation itself would be held to be bound

by the acts of the attorneys, and, therefore, third parties have no ground for objecting. (*Pixley* v. *Western etc. R. R. Co.*, 33 Cal. 183,[1] and cases there cited.)

The law confers upon the corporation the right to sue, as well as making it liable to be sued. The stockholders individually cannot sue or be sued in respect to their interests in the property held in the name of the corporation; the litigation must be by or against the corporation. And to turn a corporation out of court summarily, as in this case, is to deny the real parties in interest—the stockholders—the right to protect their property according to law. "The existence of a corporation independent of its shareholders is a fiction; its rights and duties are in reality the rights and duties of persons who compose it, and not of an imaginary being." (Morawetz on Private Corporations, sec. 1.)

The judgment and order are reversed.

Garoutte, J., and Harrison, J., concurred.