[L. A. No. 1522. Department Two.—November 22, 1905.]

## SAN DIEGO GAS COMPANY, Respondent, v. J. A. FRAME et al.; GEORGE LABEE, Appellant.

CORPORATIONS — FILING COPY OF ARTICLES OF INCORPORATION — RIGHT TO MAINTAIN ACTION.—A corporation whose original certificate of incorporation was properly filed in the county in which its principal place of business is situated prior to the enactment of section 299 of the Civil Code may subsequently maintain an action to quiet its title to land acquired by it before that date, without filing in such county a certified copy of the copy of its articles of incorporation filed with the secretary of state.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

H. A. Jerauld, for Appellant.

Withington & Carter, for Respondent.

McFARLAND, J.—This is an action to quiet title to certain lots of land in the city of San Diego, county of San Diego. Judgment went for plaintiff, and defendant Labee appeals from the judgment and from an order denying his motion for a new trial.

Appellant admitted at the trial that respondent "has the paper title to the land in question," and as there was no evidence tending to show any title or right of appellant to the land, respondent's ownership thereof is not questioned. The only contention made by appellant for a reversal which calls

for consideration is the technical one that respondent cannot maintain this action because it has failed to comply with the provision found in the second sentence of section 299 of the Civil Code, which is as follows: "Every corporation now in existence, whether formed under the provisions of this code or not, must, within ninety days after the passage of this section, file such certified copy of the copy of its articles of incorporation in the office of the county clerk of every county in this state in which it holds any property, except the county where the original articles of incorporation are filed." And following this it is declared that a corporation failing to comply with the above provision shall not maintain or defend an action in relation to such property. It was found by the court that respondent did file such certified copy with the county clerk of San Diego County on the tenth day of August, 1889; and the evidence actually introduced at the trial would amply warrant this finding, if the question of the sufficiency of the evidence to support the finding were not complicated by the fourth and fifth paragraphs of a "stipulation" signed by attorneys for both parties. However, we do not deem it necessary to discuss that subject, because, in our opinion, the contention of respondent that it was not required by the' provisions of section 299 above quoted to file such copy of its articles of incorporation in the office of the county clerk must be maintained. It is averred in the complaint that plaintiff was "duly incorporated under the laws of the state of California, and has been such corporation, ever since the 10th day of October, 1870, with its principal place of business in the city of San Diego, state of California"; and this averment is not denied in the answer. Indeed, at the trial appellant expressly admitted "that plaintiff is a corporation." It is found by the court that plaintiff became the owner of the property in contest on the seventeenth day of July, 1871. This case was here once before on appeal, and this court then held—upon the same facts touching the question as those which appear in the case at bar—that the law requiring the original certificate of incorporation to be filed with the county clerk of San Diego County was substantially complied with on September 28, 1870. (*San Diego Gas Co.* v. *Frame,* 137 Cal. 441, [70 Pac. 295].) Now, the provision of said section 299 was

not enacted until March 21, 1872, and as the plaintiff was incorporated and the property in question, which is situated in San Diego County, acquired before that time, the plaintiff is within the exception of "the county where the original articles of incorporation are filed."

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.