P. F. BROPHY, APPELLEE, V. FAIRMONT CREAMERY COMPANY, APPELLANT.

FILED MAY 1, 1915.   No. 18042.

1. Corporations: SERVICE OF SUMMONS: "MANAGING AGENT." An agent of a domestic corporation, whose principal place of business is in another county in this state, whose contract of employment demands of him the exercise of judgment and discretion in the business affairs of his principal, and who has charge of the property and business of his principal in the locality where he is stationed, is "a managing agent," upon whom service of summons may be made.

2. Landlord and Tenant: DESTRUCTION OF PREMISES: LIABILITY OF TENANT. A tenant may, if guilty of negligence in their care, be liable to his landlord for the loss of the leased premises by fire, even though the lease contains a provision that at the end of the term he shall yield possession "subject to loss by fire."

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE.   Affirmed.

Hainer & Craft, for appellant.

George W. Berge, contra.

LETTON, J.

Action for damages by a landlord against a tenant for the negligent destruction of the leased premises by fire. Plaintiff recovered, and defendant appeals.

Plaintiff was the owner of a one-story frame store building in Panama, Nebraska, which was leased to defendant for a year.  Defendant was largely engaged in the business of purchasing butter, eggs, poultry and cream, and the building was used as one of its purchasing stations.  The petition charges, in substance, that on account of the carelessness and negligence of the agents of the defendant while acting within the scope of their employment the building caught fire and was totally destroyed; that there was no insurance on the building, and that the same was a total

loss, and the plaintiff has been damaged in the sum of $1,000.

The first defense is that the court had no jurisdiction, for the reason that defendant is a Nebraska corporation having its principal place of business in Douglas county; that it has no place of business in Lancaster county nor managing agent therein; and that Samuel Johnson, upon whom the summons was served, was not its managing agent nor an officer of defendant, but a mere laborer.

For a second defense it pleads a provision of the lease by which it took the building subject "to the usual wear, inevitable accident, and loss by fire," and denies that it was guilty of negligence.

1. The evidence shows that the business at Panama was supervised by a manager at Crete, Nebraska. The duties of the person in charge at Panama were to purchase cream, butter, poultry and eggs, to pack or crate the purchases, and to ship according to defendant's directions. The prices to be paid were fixed at headquarters and communicated to the buyer at Panama. Poultry was graded as to age and size. When a farmer brought poultry to the substation, it was the duty of the buyer to fix the grades of the fowls tendered and to pay for them at the prices fixed. It was also his duty to test all cream taken in and to pay for it according to the result of the test. Payment was made by drafts drawn upon the Fairmont Creamery Company, payable to the seller, and signed by the person in charge "for the Fairmont Creamery Company." The drafts were usually cashed at the local bank. Under this state of facts the conduct of the business required judgment and discretion, and under our former holdings Johnson was the managing agent of defendant at Panama. Service was properly had upon him. *Porter v. Chicago & N. W. R. Co.*, 1 Neb. 14; *Ord Hardware Co. v. Case Threshing Machine Co.*, 77 Neb. 847.

2. It is difficult to determine the cause of the fire. Plaintiff claims that there is sufficient circumstantial evidence to sustain a finding that the fire occurred on account of the carelessness of the agent of defendant in charge of its busi-

ness there, which, of course, defendant denies, and on its part insists that the evidence is not sufficient to sustain the verdict. It also contends that the court erred in admitting testimony as to various statements made before and after the fire by Baker, the man in charge of the business. It is argued that these statements were no part of the *res gestæ,* and therefore inadmissible. Our attention is called to the case of *Ohio & M. R. Co. v. Stein,* 133 Ind. 243, 19 L. R. A. 733, where it was held that, where certain evidence was erroneously admitted, it should be presumed to be prejudicial, and, unless this presumption was rebutted, the judgment should be reversed. This is not the rule in this state, and is directly opposed to section 7713 Rev. St. 1913. The statements of Baker as to which the most serious complaints are made are admissible, for the reason that they were declarations of the agent concerning his conduct, and were so closely connected in time with the acts charged as negligence that they must be considered as a part of the *res gestæ.*

The conversation had with the witness Snyder, which was had the day before the fire started, is relevant and material, not on account of its being an admission concerning any act of Baker's or a threat, but merely as indicating a negligent and careless state of mind on his part. Its value as evidence was for the jury.

The statement made to Johnson two or three days after the fire was in the main self-exculpatory and could not be prejudicial. The other part of the statement, that Baker remembered candling the eggs, could not be prejudicial, since it was undisputed that Baker had said at the time he left the store, a few minutes before the fire, that he had done so.

It is next assigned that plaintiff's counsel was guilty of improper conduct because he commented upon the absence of Mr. Baker as a witness. This was within the limits of legitimate argument. The absence of a material witness may usually be commented upon.

It is a close question whether the evidence is sufficient to sustain the verdict; and yet, when the whole testimony

is taken together, there are a number of circumstances which seem to justify the jury in finding that the negligence of Baker was the cause of the fire. We do not feel justified in setting aside the verdict for the reason that it is not sustained by the evidence.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissents.

FAWCETT, J., not sitting.