[L. A. No. 6057. Department Two.—September 16, 1920.]

CHARLES EHRLICH & COMPANY et al., Respondents, v. J. ELLIS SLATER COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—SERVICE OF SUMMONS ON FOREIGN CORPORATION—WANT OF LEGAL EXISTENCE—FAILURE TO SPECIFY IN MOTION TO QUASH—WAIVER.—Where a foreign corporation in moving to set aside and quash the service of summons upon its business agent did not make as one of the grounds of the motion that it had no

legal existence as a corporation at the time of such service, but, on the contrary, not only in the notice of motion, but in the affidavits filed in support thereof, referred to itself as a foreign corporation, such ground of objection must be deemed to have been waived.

[2] ID.—CONDUCT OF BUSINESS AS CORPORATION—ESTOPPEL.—A foreign corporation which allows itself to be held out as a corporation is estopped to deny the legality of its organization.

[3] ID.—BUSINESS AGENT OF FOREIGN CORPORATION—SUFFICIENCY OF EVIDENCE.—A representative of a foreign corporation in the purchase and shipment of fruit in this state to the corporation, who has authority to negotiate and make contracts with growers and to draw drafts on the corporation for the purchase price of fruit, and other indebtedness incurred by him, represents the corporation in this state sufficiently to bring the corporation into court by service of process upon him.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Collier, John Schlegel, Louis F. Labarere, and Walter H. Sprague for Appellant.

I. Henry Harris for Respondents.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal for the first appellate district while acting as justice *pro tempore* in this court in place of Mr. Justice Melvin. It is adopted as the opinion of this court.

THE COURT.—This is an action instituted by the plaintiffs against the appellant to recover the sum of $2,926.48 for the breach of a contract, by the terms of which the plaintiffs sold and delivered to the defendant f. o. b. California, three carloads of fruit for which one H. J. Martin issued three drafts, aggregating the agreed price of the fruit, upon the defendant at its office in Chicago, and which he signed "J. Ellis Slater Co., H. J. Martin."

3. Who is "agent" within statute providing for service of process on agent of foreign corporation, notes, 19 **Ann. Cas.** 200; **Ann. Cas.** 1914D, 985.

It is alleged in the complaint that the defendant is a corporation created and existing under the laws of the state of Illinois, and throughout the transcript the defendant is referred to as a corporation.   The defendant was served with process in the action in the method prescribed for service thereof upon foreign corporations, viz., by delivering it to H. J. Martin as its business agent, said Martin in the transaction referred to, as well as in many others of similar character, having represented the defendant as its agent. The defendant, appearing specially for that purpose, moved to set aside and quash such service upon the grounds that at the time thereof it was not doing business in this state; that the said Martin was not a managing or business agent of the defendant, and that the defendant had not designated him as a person upon whom process might be served.   The motion was heard upon affidavits and oral evidence, and was denied.   The defendant refusing to appear in the case, judgment by default was entered against it as demanded in the complaint, from which judgment defendant has appealed, and urges upon such appeal that the superior court acquired no jurisdiction of its person by the service of process so made.

Section 411 of the Code of Civil Procedure declares that a summons in a civil action must be served by delivering a copy thereof " . . . (2) If suit is against a foreign corporation . . . doing business, and having a managing or business agent, cashier or secretary within this state: to such agent, cashier or secretary."

Defendant contends that it was not a corporation at the time of the alleged service of process; but that if it is to be considered as such it was not subject to service of process in California, for the reason that it was not doing business and had no agent in this state; also that even if it had been doing business here, and if Martin had been its managing agent, still he was no longer such at the time of the purported service of summons.   It is upon these contentions that the appellant bases its argument of lack of jurisdiction of its person in the lower court.

It is provided in the Illinois statute relative to the formation of corporations for profit that a corporation is not fully organized until after certain specified papers have been filed in the office of the Secretary of State and a certificate of

complete organization has been issued and filed. It appears that the certificate of incorporation of the defendant had not been filed at the time of the service of process in this case, and the appellant accordingly argues that at that time, under the law of Illinois, the state of its creation, it had no legal existence as a corporation, and hence that this action is not maintainable against it. This objection was not made one of the grounds of the motion to quash. On the contrary, not only in the notice of motion, but in the affidavits filed by the appellant in support of the motion, it refers to itself as a foreign corporation. [1] The appellant must therefore be deemed to have waived this ground of objection (*Dickinson* v. *Zubiate Mining Co.*, 11 Cal. App. 656, 662, [106 Pac. 123]). Moreover, the record plainly discloses that the defendant conducted business in this state in the garb of a corporation, such acts inducing the present transaction. It will not be permitted, therefore, to deny its corporate existence. Plainly, under the circumstances, it was a *de facto* corporation. [2] It allowed itself to be held out as a corporation and this is sufficient to estop it to deny the legality of its organization (*Los Angeles etc. Band* v. *Spires*, 126 Cal. 541, [58 Pac. 1049]; *San·Diego etc. Co.* v. *Frame*, 137 Cal. 441, [70 Pac. 295]; 10 Cyc. 245). This also appears to be the law in Illinois (*Bushnell* v. *Consolidated Ice Mach. Co.*, 138 Ill. 67, [27 N. E. 596]; *Marshall* v. *Keach*, 227 Ill. 35, [118 Am. St. Rep. 247, 10 Ann. Cas. 164, 81 N. E. 29]).

As to the appellant's second contention, the evidence shows that the company was doing business in California and that Martin was its managing or business agent at the time of this transaction. It appears that during a period antedating the present transaction and extending beyond its close, the appellant, through H. J. Martin, was engaged in purchasing fruit in California for shipment to Chicago, Martin negotiating and making contracts for such purchases with the growers in the southern part of the state, the fruit to be accepted by him f. o. b. California points. He examined the fruit so purchased, and saw to it that it was packed in accordance with the instructions of the defendant; he arranged with the railroad companies for its shipments; he fixed the wages of employees here; and for the purchase price of fruit, or any other indebtedness incurred here by him for the defendant, he drew sight drafts on the company signed with

its name "per" himself. It is true that Martin was instructed as to the price to be paid for the fruit, as to its character and quality, how and when it was to be shipped, but as to these matters, especially upon the question of quality, his duties required the exercise of judgment and discretion. **[3]** He acted, negotiated, and made binding contracts for appellant, and from the scope and extent of the business transacted by him the court below was warranted in holding that he sufficiently represented the appellant to bring it into court by service of process on Martin (*Brophy* v. *Fairmont Creamery Co.*, 98 Neb. 307, [L. R. A. 1918A, 367, 152 N. W. 557]; *Smith* v. *Farbenfabriken of Elberfeld Co.*, 203 Fed. 476, [121 C. C. A. 598]; *Nelson, Morris & Co.* v. *E. Rehkopf & Sons,* 25 Ky. Law Rep. 352, [75 S. W. 203]). The fact that the compensation received by Martin for his services was in the form of a commission upon the amount of his purchases is not, of course, controlling upon the question of agency; and when, as here, the representative of the foreign corporation has charge of and conducts the business of the corporation in the manner already pointed out, the method of compensating him for his service will make him none the less the business agent of the corporation, and service of summons on him as such representative will be good as against his principal.

The appellant finally urges that, conceding that Martin was its business agent relative to the business conducted in California, the evidence fails to show that he was such agent at the time of the service of summons. It is true that after the purchase of plaintiff's fruit and its rejection by defendant, and when defendant apparently expected litigation to follow, it forbade Martin to sign its name to drafts, and in a letter to Martin attempted an interpretation of their relations, but there is also evidence showing that their relations continued as before with the exception of the right to sign defendant's name to drafts until after the time when the summons in this case was served, which was about a month after the sale of the fruit. We think it is sufficient to show that Martin was the business agent of defendant at the time of the service of process.

The judgment is affirmed.

Wilbur, J., Lennon, J., and Sloane, J., concurred.