G. Robert Wither, J.
This is an action to recover the cost of repairs necessitated "by a fire alleged to have been caused in plaintiff’s building by defendant’s negligence. Plaintiff moves to strike out defendant’s separate defense contained in paragraphs Fifth, Sixth and Seventh of the answer, wherein it is alleged that the terms of the lease of the premises excused defendant from liability for repairs necessitated by fire, even though the fire resulted from defendant’s negligence.
It was provided in the lease that the lessee, the defendant, shall indemnify the lessor, the plaintiff, from any and all damages and expenses to the premises arising out of defendant’s negligence. Such provision is merely a statement of the law in the absence of special contractual provision to the contrary (see Witty v. Matthews, 52 N. Y. 512; Gould v. Springer, 206 N. Y. 641; Potter v. New York, Ontario & Western Ry. Co., 233 App. Div. 578, 581, affd. 261 N. Y. 489).
The defendant, however, contends that other clauses in the lease permit a construction that the parties intended to exclude *20 from the foregoing clause damages from fire caused by defendant’s negligence. In paragraph 2 (b) of the lease it is provided that upon termination thereof defendant may recover certain installations and must restore the premises to their condition prior to such installation “ reasonable wear and tear and damage by fire and unavoidable casualty excepted.” In paragraph 2 (h) of the lease it is provided that defendant shall make all interior repairs, to keep the building in the same condition as when let “ reasonable wear and tear and damage by fire and unavoidable casualty excepted.” In paragraph 2 (1) of the lease it is provided that ‘ ‘ in case of damage to the demised building by fire or other casualty, the first party shall repair the damage with reasonable dispatch ”, and it is further provided that if substantial damage is done to the building “ by fire or other casualty” the lessor may terminate the lease on notice.
Defendant urges that the term “ damage by fire ” is carefully distinguished in the lease from “unavoidable casualty ”, and that “ damage by fire ” must be construed as including negligent causes, unless the lease is to be rewritten to read “ damage by fire or other unavoidable casualty.”
Defendant relies upon certain decisions of other jurisdictions. The case of Slocum v. Natural Prods. Co. (292 Mass. 455) did not involve the question of the lessee’s negligence. In the case of United States Fire Ins. Co. v. Phil-Mar Corp. (166 Ohio St. 85, affg. 102 Ohio App. 561) the lease expressly contemplated that the landlord would carry fire insurance and that the tenant would pay any increased premium occasioned by the nature of his occupancy. Hence it was held that the insurance was carried for his benefit. Even so, a strong dissenting opinion was written against the result. The case of Cerny-Pickas & Co. v. John Co. (7 Ill. 2d 393) is similar to the Phil-Mar Corp. case (supra). In the case of General Mills v. Goldman (184 F. 2d 359, cert. denied 340 U. S. 947) the court stated at page 364 that fire insurance was contemplated in the lease. Apparently evidence of such fact had been received upon the trial, and the court held in effect that the insurance was for the benefit of both the landlord and the tenant and that neither the landlord nor its insurance carrier could hold the tenant liable for its negligent causing of the fire.
On the other hand there are decisions which have held that phrases similar to the ones at bar have not protected the tenant from liability to his landlord for damage from fire caused by the tenant’s negligence. (See Carstens v. Western Pipe & Steel Co., 142 Wash. 259; Brophy v. Fairmont Creamery Co., 98 Neb. *21 307; Winkler v. Appalachian Amusement Co., 238 N. C. 589; Sears, Roebuck & Co. v. Poling, 81 N. W. 2d 462 [Iowa].)
As noted above, even in the jurisdictions where the tenant has been exonerated from liability for his negligent causing of fire loss, the holdings seem predicated upon the fact that the parties contemplated fire insurance coverage of the risk and, at least in some cases, that the tenant pay part of the insurance premiums. No case has been cited to the court which has gone further than that.
In the case at bar there is nothing in the complaint or answer which suggests that the plaintiff’s loss was in any way covered by fire insurance, nor that the parties contemplated that fire insurance would be carried to protect the tenant’s interests from loss by fire, whether or not resulting from negligence. The evidence which the court found sufficient to support the defense in General Mills v. Goldman (184 F. 2d 359, supra) could not be received upon the trial in this case, even if available, because the pleadings contain no proper allegations therefor.
Moreover the court is of the view that only confusion will arise to extend the doctrine of the cases above cited which have exonerated the tenant. There are simple and adequate means for a tenant to protect himself from liability for his negligence, and such means will not necessarily result, as defendant suggests, in insurance companies obtaining two premiums for one and the same risk.
It is held that the lease in question does not express “ in unequivocal terms ’ ’ an intention to relieve the tenant from liability for its negligent acts (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41; Gordon & Cohen v. Rose, 211 App. Div. 808) and that the defendant remains liable therefor.
The motion to strike out said affirmative defense is therefore granted.
Submit order accordingly.