[No. 6,762.—Department No. 2.]

## MANLY *v.* HOWLETT.

FINDINGS.—Where the findings are contradictory upon a material point, the judgment cannot be sustained. So *held*, where both the complaint and answer alleged possession in the defendant, and the Court found that all the allegations of the latter were true, and all the allegations of the former were untrue.

GIFT—PART PERFORMANCE—SPECIFIC PERFORMANCE—PLEADING—EJECTMENT—EQUITABLE DEFENSE.—A parole gift of land, followed by possession and improvement of the land by the donee, is so far executed as to entitle the donee to a specific performance; but *held*, in an action of ejectment, by the grantee of the donor, that the defense must be specially pleaded.

STATUTE OF LIMITATIONS—PATENT—LEGAL TITLE—STATE LANDS.—In a suit for the recovery of land, after the issuance of the patent, the Statute of Limitations cannot be held to have commenced running prior to the date of the patent.

APPEAL from a judgment for defendant, and from an order denying a new trial, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion.

*Stetson & Houghton,* for Appellant.

The Court erred in admitting evidence as to the alleged parole gift by Chester to Howlett. An equitable defense must be specially pleaded. (*Sherman* v. *McCarthy,* 5 P. C. L. J. 58; *Hartley* v. *Brown,* 46 Cal. 202.)

It is well-settled in this State that the Statute of Limitations does not begin to run until the issue of the patent. (*Gardiner* v. *Miller,* 47 Cal. 570; *Galindo* v. *Wittenmeyer,* 49 id. 12; *Gibson* v. *Chouteau,* 13 Wall. 92; *Huston* v. *Walker,* 47 Cal. 484; *Duke* v. *Thompson,* 16 Ohio, 34; Code Civ. Proc. §§ 318, 319; *Treadway* v. *Wilder,* 12 Nev. 108; *Vansickle* v. *Haines,* 7 id. 249.)

*V. A. Gregg,* for Respondents.

The statute runs from the date of the certificate. Section 1925 Code of Civil Procedure provides that a certificate of purchase is primary evidence that the holder thereof is the owner of the land described therein.

MYRICK, J.:

This is an action of ejectment to recover the possession of two lots of land situate in Bakersfield, Kern County, together with rents and profits. Plaintiff alleges that on the 11th of December, 1878, he was, has been ever since, and is, the owner, and is entitled to the possession of the lots, and that on that day defendants were, since have been, and are, in the adverse, wrongful, and exclusive possession of the lots. The answer of defendant Howlett denies the ownership of plaintiff, admits his own possession, alleges that he is lawfully in possession, denies the damage and the value of the rents and profits to be $100 per month, and denies every other allegation of the complaint. Defendant alleges that plaintiff's cause of action is barred by §§ 318 and 319 Code of Civil Procedure, and that he (Howlett) is the owner, and has been in the open, notorious, and exclusive possession, under claim of title, exclusive of every other right, ever since November, 1871, and that he has paid all taxes.

The Court filed its findings of fact as follows:

1st. That each and every allegation of plaintiff's complaint are untrue.

2nd. As to the rents and profits.

3rd. That the defendant Howlett is the owner, and entitled to the possession of the property described in the complaint.

4th. That defendant Howlett has been in the open, notorious, and exclusive possession of the property, with a claim of title, (being a gift from Julius Chester, in August, or September, 1871) since November, 1871, holding the same adverse to plaintiff, his ancestors, predecessors in interest, and grantors.

5th. As to payment of taxes.

6th. That plaintiff's action is barred by §§ 318 and 319 Code of Civil Procedure, defendant having held said property adverse to him more than five years immediately preceding the commencement of the action.

7th. That the allegations of defendant Howlett's answer are true.

Upon these findings judgment went for defendant. Plaintiff moved for a new trial, which was denied, and plaintiff appealed.

Without directly passing upon the sufficiency of each of these findings, as findings of facts, which seem to us to be quite insufficient, the judgment based upon them cannot stand. In the first finding the Court found that " each and every allegation of plaintiff's complaint are untrue "; among other allegations, that defendants, on the 11th of December, 1878, were, and since have been, and are, in the adverse and exclusive possession of the land; and in the 7th finding the Court found that " all the allegations of defendant Howlett's answer are true," viz., that he (Howlett) is, and has been, in the exclusive possession of the property ever since November, 1871. In other words, plaintiff's allegation that Howlett was and is in possession is untrue, but Howlett's allegation that he was and is in possession is true. Howlett's defense was based on two propositions, viz., a gift, and the Statute of Limitations, to either of which possession was essential; therefore, the Court should have found whether, or not, he was in possession. When findings are directly antagonistic, it cannot be said that either finding is correct, or, at least, which is correct.

Other matters appear in the transcript, and as the case must go back for a new trial, we will refer to them.

The plaintiff claimed title deraigned as follows: A certificate of purchase issued by the Register of the State Land Office, (swamp and overflowed lands) June 6th, 1870, to Baker; deed, Baker to Livermore and Chester, January 4th, 1871, and from Livermore and Chester, July 3rd, 1873, and by mesne conveyances to plaintiff, December 7th, 1878; State patent to Baker, December 12th, 1877. The suit was commenced January 7th, 1879.

Defendant claimed on the trial, (though the defense was not set up in his answer) that in August, or September, 1871, Chester made a parole gift of the land to him, and that in November, 1871, he took possession, made some improvements, and during succeeding years made considerable improvements, and has been in the continued occupation of the premises, claiming title. Defendant pleaded the Statute of Limitations, and relied also upon his exclusive adverse possession of more than five years. Plaintiff objected to these defenses. 1st. That the estoppel, or equitable defense, has not been pleaded. 2nd. That the Statute of Limitations did not begin to run until the issuance of the patent, December 12th, 1877, the suit having been commenced after that, and being founded upon it.

In regard to a gift of land by parole, it was held in *Freeman* v. *Freeman*, 51 Barb. 306, that when the owner of land gave the same by parole to another, who went into possession of the land, and occupied it, made improvements, and paid a portion of the taxes, it was a gift so far executed as to entitle the donee to a specific performance. In the case at bar this defense was not pleaded. Even if it had been pleaded, it would not have justified the judgment, for the reason that at the time of the alleged gift Livermore and Chester were joint owners of whatever right had then accrued from the State; it is not claimed that Livermore joined in the gift, and, therefore, no more than Chester's interest could have passed.

In regard to the Statute of Limitations, we are of opinion that the certificate of purchase did not pass the title *as title*; subsequent acts were to be performed by Baker, before he would be entitled to the patent, viz., payment of the annual in-

terest, and of the deferred purchase-money. The title was in the State until the issuance of the patent.

It is true that before the patent should issue, the Statute of Limitations might build up a title in the possessor as between the parties, so as to determine their rights upon the *then* condition of things; but the issuance of the patent gave new rights; the patentee and his grantees then had a right superior to any theretofore owned or held by them, viz., the ownership of the land. They then had something which the State had not theretofore parted with. In a suit for the recovery of the land, commenced after the issuance of the patent, the Statute of Limitations cannot be held to have commenced running prior to the date of the patent. (47 Cal. 570; *Hagar* v. *Spect*, 48 id. 406; 49 id. 12; *Henshaw* v. *Bissell*, 18 Wall. 255.)

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.