## SWEATT *v.* BURTON.

*(Circuit Court, S. D. California. April 28, 1890.)*

**EJECTMENT—TITLE TO SUSTAIN—STATE CERTIFICATE OF PURCHASE.**
Recovery in ejectment being only on strict legal title, ejectment cannot be maintained on a state certificate of purchase, which is but a contract for a patent on compliance by the purchaser with its terms, though such certificate is made by the state statutes *prima facie* evidence of title.

Ejectment.

*Wells, Guthrie & Lee,* for plaintiff.

*Frank P. Taylor, (T. M. McNamara,* of counsel,) for defendant.

ROSS, J. This is an action of ejectment brought by the plaintiff to recover of the defendant possession of certain land which was a portion of the land granted to the state of California as swamp and overflowed land by the act of congress of September 28, 1850. The plaintiff relies for a recovery upon a certificate of purchase issued by the receiver of the state land-office to one Lamberson on the 28th of August, 1884, to whose rights he claims to have succeeded by subsequent assignments and mesne conveyances. It will not be necessary to pass upon the points made and argued by the counsel in the case, for the reason that ejectment cannot be maintained in the federal courts upon a state certificate of purchase, which is but a contract for the sale and conveyance of the land, to be followed by a patent conveying the legal title upon the compliance on the part of the purchaser with the terms of the contract and the full payment of the purchase price. It is true that by section 3514 of the Political Code of California such certificates are made *prima facie* evidence of title, and that by the next succeeding section they, together with all rights acquired thereunder, are made subject to sale by deed or assignment. But it is manifest from the provisions of the California statute upon the subject that, until the issuance of the state patent, the legal title remains in the state, and such is the decision of the supreme court of the state in the case of *Manly* v. *Howlett,* 55 Cal. 97; and, since it is the established doctrine of the supreme court of the United States that in the federal courts a recovery in ejectment can be had alone upon the strict legal title, it follows necessarily that one holding such state certificate only, cannot maintain such an action in this court, whatever effect may be given in the state courts to the state statute making such certificates *prima facie* evidence of title. In a late case in the supreme court—that of *Langdon* v. *Sherwood,* 8 Sup. Ct. Rep. 429—the court, in speaking of a statute of the state of Nebraska which declared that the duplicate receipt of the receiver of any land-office that the books of his office show the sale of a tract of land to a certain individual "is proof of title, equivalent to a patent, against all but the holder of an actual patent," said that, "whatever effect may be given to this statute in the courts of the state of Nebraska, it is obvious that in the circuit court of the United States it cannot be received as establishing the legal title in the holder

of such certificate." It is true that the Nebraska case was one of a derivation of title from the United States, where the existence of the certificate only implied that the legal title remained in the government. But it is just as plain that, in the case at bar, the existence of the certificate only implies that the legal title remains in the state; for, according to the provisions of the state statute in respect to the disposal of the swamp and overflowed lands, the certificate, which is but a contract for the sale of the land, and is issued upon the payment of 20 per cent. of the purchase money, is to be followed by a patent conveying the title when the purchaser has complied with all of the conditions of the contract, and paid the full amount of the purchase money. "The circuit court," said the supreme court in *Langdon* v. *Sherwood*, "cannot presume that a patent has been issued to the party to whom such certificate was issued, or to any one to whom he may have transferred it. * * * If it never issued, it is obvious that the legal title remains in the United States, and, according to the well-settled principles of the action of ejectment, the plaintiff cannot be entitled to recover in the action at law. To receive this evidence, and to give to it the effect of proving a legal title in the holder of such a receipt, because the statute of the state proposes to give to it such an effect, is to violate the principle asserted in *Bagnell* v. *Broderick*, 13 Pet. 436, that it is for the United States to fix the dignity and character of the evidences of titles which issue from the government. And it is also in violation of the other principle settled by the cited decisions, that in the courts of the United States a recovery in ejectment can be had alone upon the strict legal title, and that the courts of law do not enforce in that manner the equitable title evidenced by these certificates." To the same effect is *Hooper* v. *Scheimer*, 23 How. 235; *Fenn* v. *Holme*, 21 How. 482; and *Sheirburn* v. *De Cordova*, 24 How. 425, in which latter case the court said:

"By a statute of Texas, 'all certificates for head-rights, land scrip, bounty warrants, or any other evidence of right to land recognized by the laws of this government, which have been located or surveyed, shall be deemed and held as sufficient title to authorize the maintenance of actions of ejectment, trespass, or any other legal remedy given by law.' Hart. Dig. art. 3230. The testimony adduced by the plaintiff, it would seem, would have authorized a suit in the courts of Texas, where rights, whether legal or equitable, are disposed of in the same suit. But this court has established, after full consideration, that in the courts of the United States suits for the recovery of land can only be maintained upon a legal title. It is not contended in this case that the plaintiff has more than an incipient equity. This question was so fully considered by the court in *Fenn* v. *Holme*, 21 How. 481, that a further discussion is unnecessary."

In view of these decisions, it seems to me clear that there must be judgment for defendant, regardless of the points made by counsel in the case. It is proper to add that, in the case of *Smith* v. *Mitchell*, 32 Fed. Rep. 680, the point now considered and determined was not brought to the attention of the court. Judgment for defendant.