Robert **BARNETT**, Appellant,

v.

**FORD MOTOR CO.** and **Charlie Johnson Ford & Mercury Sales, Inc.,** Appellees.

No. 4945.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1970.

Rehearings Denied Jan. 28, 1971.

Turner, Rodgers, Winn, Scurlock & Sailers, John H. McElhaney, Dallas, for appellant.

Seay, Gwinn & Crawford, Robert A. Gwinn, Dallas, Parnass, Ebert, Browning & Riddles, Joe Riddles, Irving, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from an instructed verdict that he take nothing, in a products liability case.

Plaintiff Barnett sued defendants Ford Motor Company and Johnson Ford and Mercury Sales, alleging he purchased a new Ford manufactured by Ford Motor Company, from Johnson Ford and Mercury Sales on Feburary 16, 1968; that on February 23, 1968, the car was substantially damaged by a fire which resulted from a defect in the wiring underneath the instrument panel of the car; that the precise defect in the wiring is not ascertainable since the fire destroyed the wiring; that the circumstances under which the fire occurred, including the fact that only the defendants installed and inspected or otherwise dealt with the wiring indicated the most reasonable and probable cause of the fire was a defect in the wiring. Plaintiff alternatively alleged the fire caused by a breach of implied warranty by defendants. Plaintiff sought $2864.02, the difference in the value of the automobile before and after fire as damages.

Defendants answered by general denial, denied any negligence, and alleged the vehicle was in the hands of several persons after it left their possession, was left unattended and unlocked on many occasions by plaintiff, and the fire could have been the result of acts of plaintiff or third parties over whom defendants had no control.

Trial was to a jury. At the conclusion of the evidence, defendants moved for instructed verdict. The trial court withdrew the case from the jury, and rendered verdict and judgment that plaintiff take nothing.

Plaintiff appeals on 2 points contending:

1) The trial court "erred in directing verdict for each defendant because the proof raises a reasonable inference of the existence of a defect in the automobile within the meaning of Section 402A of the Restatement of Torts, at the time it left the hands of the sellers."

2) "Alternatively, if the evidence only traces the existence of the defect from the time the automobile left the hands of the dealer, the manufacturer is still strictly liable because the manufacturer cannot delegate its duty to have its new cars delivered to the ultimate purchaser free from defects."

The evidence shows plaintiff took delivery of a new Ford Thunderbird automobile from defendant Johnson Ford and Mercury Sales on February 16, 1968; that on February 23, 1968, after 500 to 600 miles of use, the interior of the automobile was severely damaged by fire. All of the instruments, dashboard, and wiring beneath the instrument panel were completely destroyed, the heaviest concentration of fire was "in the center of the dash around the tape deck unit and the radio, right there in the middle of the console, thats the only place I could see actual flame and it spread to the other parts of the car"; * * * "mostly the heat was definitely under the dash". Ford Motor Company installed the radio and tape deck equipment at the factory. No one had smoked in the automobile on the day of the fire. Nothing was done to the wiring, the tape deck or car by plaintiff or under his direction or to his knowledge. The automobile had been parked and locked the night before, and was locked when unattended at all times thereafter. In the week plaintiff had his car only his father, stepmother, stepfather, roommate, date and a Mr. Norton had ridden in the car. None of them smoked in the car except possibly the date; and the car was parked and locked the evening before the fire and a minimum of twelve hours elapsed before the fire, in which

there was no unusual odors, or other evidence of any cause for a fire, other than a defect in the automobile itself. Plaintiff drove from Houston to Wharton on the day of the fire; visited with customers and prospective customers of IBM Equipment which plaintiff sold, in town during the morning, always locking the car when he left it; plaintiff picked up Mr. Norton (a prospective customer) in town and drove out to Mr. Norton's house parking in the driveway just outside a picture window; the automobile was in plain view; about 5 to 10 minutes later while plaintiff was sitting facing the car through the window he saw the windows of the car blacken, and observed the car was on fire. He rushed outside and opened the car door. The only flames came from under the dash console which contained the radio and tape deck. Plaintiff was unable to extinguish the fire with a fire extinguisher and the local fire department put the fire out. The seats were not entirely burned. The automobile contained no foreign object which was capable of spontaneous combustion. The witness Dilley, service manager of Wharton Ford Dealership testified he personally inspected the vehicle after the fire, that he had been a Ford Service Manager since 1950; that he was familiar with the electrical system of the 1968 Thunderbird; that "most of the heat looked like it was around the tape deck", and that "it is more probable than not the fire damage (he) observed was caused by an electrical failure."

Plaintiff has the burden of proving the article was defective at the time it left the hands of the manufacturer or seller. Jack Roach-Bissonnet, Inc. v. Puskar, S.Ct., 417 S.W.2d 262, 278; Pittsburg Coca-Cola Bottling Works v. Ponder, S.Ct., 443 S.W.2d 546, 548. Proof of the defect need not necessarily be made by direct or opinion evidence; it usually can only be made by circumstantial evidence; particularly when dealing with a latent defect. Darryl v. Ford Motor Company, S.Ct., 440 S.W.2d 630, 29 Am.Jur.2d p. 312. See also: Sharp v. Chrysler Corp., Tex.Civ.App. (NRE) 432 S.W.2d 131; Vandermark v. Ford Motor Co., 61 Cal.2d 256, 37 Cal.Rptr. 896, 391 P.2d 168.

The record reflects plaintiff was in possession of the automobile only a week; had driven it 500 to 600 miles; had not altered the wiring or permitted such; believed he had locked the car when not in it; didn't smoke and others, with one possible exception, who were in the car didn't smoke; that the fire started under the dash at the tape deck and radio, destroying such completely; and a long time Ford Dealer service manager familiar with the electrical system of the 1968 Thunderbird testified the damage "more probable than not was caused by an electrical failure". The trial court granted an instructed verdict. Thus the question is whether there exists any evidence that the automobile was defective at the time it left the possession of the respective defendants. A proper determination of this question hinges on an acceptance of the evidence and the inferences therefrom, in their aspects most favorable to the plaintiff, and a discarding of contrary evidence and inferences. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60; Anderson v. Moore, S.Ct., 448 S.W.2d 105.

We think the trial court erred in withdrawing the case from the jury and entering verdict and judgment that plaintiff take nothing. Plaintiff's contentions are sustained. The judgment is reversed and cause remanded.

Reversed and remanded.