NATIONAL CAR RENTAL, INC., demandante y recurrente, *v.* CARIBE MOTORS CORPORATION, demandada y recurrida; GENERAL MOTORS OVERSEAS DISTRIBUTORS CORP. ET AL., terceros demandados y recurridos.

*Número:* O-74-281     *Resuelto:* 18 de septiembre de 1975

---

(⁶)13 L.P.R.A. sec. 3119(a) (1) (A), *supra.*

*A. Quiñones Guardiola,* abogado de la recurrente; *José E. Bengoa Toro,* abogado de Caribe Motors Corporation; *Arias Cestero, Gierbolini & García Soto,* abogados de la General Motors Overseas Distributors Corp. y Royal Indemnity Company.

PER CURIAM: La demandante compró un automóvil nuevo. A los cuatro meses de comprado dicho vehículo se incendió mientras estaba aparcado y cerrado con llave. Sus puertas y cristales no habían sido violentados. El incendio se originó en el panel de instrumentos, en donde sitúan el encendedor de cigarrillos. Los daños los estimó el Tribunal de Primera Instancia en $1,500. A la fecha del incendio el vehículo estaba todavía cubierto por la garantía expedida al momento de la venta del mismo.

De la relación del caso suscrita por el Magistrado del tribunal de instancia surge que sobre los aspectos técnicos o mecánicos de la cuestión declaró el Sr. Luis Daynés. Daynés no es un *ignoramus* en esta materia de incendios. Había sido miembro del Cuerpo de Investigación Criminal de la Policía de Puerto Rico, con entrenamiento en investigaciones de fuegos y peripecias parecidas. También había sido mecánico de aviación, lo que supone conocimientos y experiencia en estas materias más allá de las de un lego.

Declaró Daynés que el incendio se originó en el panel de instrumentos; que el cable eléctrico del encendedor de cigarrillos y el área circundante al mismo estaban completamente quemados. El encendedor estaba en su lugar y el cable "achicharrado". Por el contrario, los cables del acondicionador de aire estaban en buenas condiciones.

Wilfredo Gorbea, gerente de ventas de una de las codemandadas, declaró que el encendedor es equipo normal de esos vehículos; no podía decir si el encendedor en cuestión estaba en perfectas condiciones o no; que antes de entregar los carros se les hace una revisión general.

El Tribunal de Distrito, apreciando bien la prueba, declaró con lugar la demanda y la demanda contra terceros y condenó a la demandada a pagar a la demandante $1,500 y a los terceros demandados a satisfacer a la demandada lo que ésta tuviese que pagar. En apelación el Tribunal Superior revocó. Estimó que el testigo Daynés "no estaba capacitado" para "prestar el testimonio adecuado."

Incidió el tribunal de apelación. Después de todo, la materia envuelta no exigía los conocimientos de un doctor en filosofía con especialización en electricidad. La preparación y experiencia de Daynés sobre la materia concernida eran mayores que la del hombre corriente y suficiente a los fines del caso. Un hombre de capacidad normal, con experiencia en esas materias, como lo es Daynés, puede apreciar esos hechos y llegar a conclusiones informadas sobre ellos. Como se sabe, un corto circuito eléctrico puede producirse cuando la corriente, en vez de discurrir por los conductores dispuestos para ello, toma otro curso—atrecha—debido a algún defecto del aparato o materiales de que se trate. Ese circuito más corto ocasiona un mayor flujo de corriente que el que está previsto para los conductores allí colocados y como consecuencia de ello los alambres o conductores se recalientan y esto generalmente produce su destrucción y un incendio. Nada excluye la posibilidad en este caso, y por el contrario todo

parece indicar que el mecanismo expulsor del encendedor no funcionó como debía, quedándose el encendedor adherido al enchufe, calentándose en exceso y ocasionando la avería y el fuego. Recuérdese que el carro no había sido violentado y no hubo evidencia de que el fuego hubiese sido producido intencionalmente o por agentes extraños al propio vehículo.

Para casos iguales o parecidos, *vide Losinski* v. *Ford Motor Co.*, 204 N.W.2d 49 (1972), donde el fuego se originó en la parte delantera de un vehículo, dos meses después de comprado, y se determinó que el fuego fue causado por un corto circuito; *Ford Motor Co.* v. *Reid*, 465 S.W.2d 80 (1971), donde la prueba demostró que estando el carro estacionado, un mes después de comprado, se originó un fuego debajo del asiento delantero, en la alambrada del mecanismo instalado para mover dicho asiento; *Barnett* v. *Ford Motor Co.*, 463 S.W.2d 33 (1971), donde a la semana después de comprado el vehículo, estando estacionado, surgió un fuego en el panel de instrumentos y se determinó que la causa probable del fuego fue una falla eléctrica; *Ford Motor Co.* v. *Pitman*, 227 So.2d 246 (1969), donde un vehículo, dos semanas después de comprado, se incendió en su parte delantera y un perito opinó que el fuego fue causado por fallas en el funcionamiento del sistema eléctrico; *Jacobson* v. *Broadway Motors, Inc.*, 430 S.W.2d 602 (1968), donde tres meses después de comprado el vehículo, surgió un fuego en el motor; *Gherna* v. *Ford Motor Co.*, 55 Cal. Rep. 94 (1966), donde dos meses después de comprado el vehículo, estando estacionado, se originó un fuego en el motor y se encontró la batería derretida; *State Farm Mut. Auto. Ins. Co.* v. *Anderson-Weber, Inc.*, 110 N.W.2d 449 (1961), donde diez días después de comprado el vehículo, mientras su dueño lo conducía, se originó un fuego en el motor. En los casos citados los tribunales basaron la responsabilidad civil en una o más de las siguientes razones: garantía expresa o implícita, responsabilidad absoluta y *res ipsa loquitur*.

■ Véase también nuestra discusión en *Mendoza* v. *Cervecería Corona, Inc.*, 97 D.P.R. 499 (1969), especialmente a las págs. 511 *in fine* y 512. Aunque allí no se trataba de automóviles, el enfoque es el mismo por razones de justicia. Véase también *Ferrer* v. *General Motors Corp.*, 100 D.P.R. 246 (1971).

*Se revocará la sentencia del Tribunal Superior que revocó la del Tribunal de Distrito; se dejará en vigor la del Tribunal de Distrito y se condenará a las recurridas, apelantes en el Tribunal Superior, a pagar a la demandante recurrente $500 por concepto de honorarios de abogado.*