Gilberto Gierbolini, Juez Ponente
*714 TEXTO COMPLETO DE LA SENTENCIA
Miriam Beverly Otero Prann (en adelante, Otero) recurre a este Tribunal en solicitud de certiorari para pedir la revisión de una Resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón, que cualificó a una de sus testigos para declarar en su carácter de psicóloga clínica, sin reconocerle pericia en casos de abuso sexual de menores. La determinación fue emitida en corte abierta el 26 de marzo de 1996 y recogida en Resolución que fue notificada el 3 de abril de 1996. Otero presentó la solicitud de certiorari ante este Tribunal el 19 de abril de 1996.
Con su solicitud la peticionaria acompañó una moción en- auxilio de jurisdicción en la cual solicitó, la paralización en el tribunal de instancia del caso de divorcio DDI-93-1838. El 23 de abril de 1996, Otero presentó una segunda moción en auxilio de jurisdicción a la cual la parte recurrida, el demandado Javier Delbrey Rivera (en adelante, Delbrey), presentó oposición el 26 de abril. Con fecha del 21 de mayo de 1996 este Tribunal emitió Resolución en la que paralizó los procedimientos hasta tanto resolviera el recurso de epígrafe y ordenó a Delbrey que mostrara causa por la cual no debiera conceder el remedio solicitado en el certiorari.
El 30 de mayo de 1996 Delbrey respondió mediante escrito en el que solicitó que ordenáramos la transcripción de las vistas en donde testificó la Dra. Haydée De Jesús, perito de la parte demandante-recurrente. Delbrey, sin embargo, no presentó su oposición según le fuera ordenado. El 14 de junio de 199.6 este_Tribunal ordenó la preparación de una exposición narrativa de la prueba.
Al 11 de febrero de 1997 y luego de múltiples trámites ante el tribunal de instancia, las partes no habían presentado la referida exposición, por lo cual requerimos al recurrido que nos informara en qué etapa estaban las gestiones y cuánto tiempo más requerirían. La representación legal de Delbrey nos informó que dadas las múltiples oposiciones de ambas partes a la propuesta exposición narrativa, había pedido al tribunal de instancia la transcripción de las vistas en que testificó la Dra. De Jesús y que dicho foro lo aprobó el 2 de diciembre de 1996. El tribunal de instancia nos remitió la transcripción el 12 de marzo de 1997 y ésta fue recibida al día siguiente. El recurrido también proporcionó una copia de la transcripción junto con una moción en la que solicitaba la denegación del recurso instado por surgir del récord que "la perito profesional presentada por la Peticionaria no debe ser cualificada como perito en abuso sexual, por no haberse demostrado ante el Tribunal de Instancia dicha capacidad." Véase, Moción Acompañando Transcripción, 14 de marzo de 1997.
Otero nos informó mediante moción del 12 de mayo de 1997 que Delbrey había solicitado el 30 de abril de 1997 la continuación del caso ante el tribunal de instancia. Delbrey compareció ante nos el 16 de mayo de 1997 para solicitar el levantamiento de la paralización, a lo cual Otero presentó oposición el 27 de mayo de 1997.
El 19 de junio de 1997 emitimos Resolución en que requerimos a Otero y a Delbrey que, de estimarlo necesario, presentaran alegato suplementario y réplica, respectivamente. Otero compareció el 11 de julio de 1997 para dar su caso por sometido. Delbrey, por su parte, no presentó escrito adicional alguno.
*715 Así las cosas, tras examinar detenidamente la transcripción de evidencia y el recurso a la luz del ordenamiento procesal vigente y su jurisprudencia interpretativa, este Tribunal EXPIDE el auto y REVOCA la Resolución recurrida.
I
El 29 de julio de 1993, Otero presentó demanda de divorcio por la causal de trato cruel contra su esposo Delbrey. En su demanda, Otero alegó que la causal de trato cruel estaba constituida por el alegado abuso sexual que cometió su cónyuge contra los dos hijos menores nacidos en el matrimonio. Delbrey contestó la demanda el 12 de agosto de 1993. El juicio en su fondo comenzó el 29 de enero de 1996.
Otero presentó su propio testimonio, el de la abuela materna de los niños y el del Dr. Antonio Peraza en calidad de perito. El 26 de marzo de 1996 la representación legal de la parte demandante presentó el curriculum vitae y el testimonio de la psicóloga del Programa Biosicosocial del Hospital Pediátrico Universitario, Dra. Haydée De Jesús, con el propósito de cualificarla como perito en casos de abuso sexual de menores.
La abogada del demandado interrogó extensamente a la testigo para impugnar sus cualificaciones y la Procuradora de Familia también realizó sus preguntas para auscultar la preparación de la doctora De Jesús y su capacidad para reconocer abuso sexual en un menor. Al concluir las preguntas, la abogada de Delbrey solicitó que De Jesús fuese cualificada sólo como psicóloga clínica porque no tenía un grado académico especializado en evaluación de abuso sexual de menores. Además, porque ésta no reconoció los autores que le mencionara en su interrogatorio y no pudo ofrecer el porcentaje de casos de abuso sexual que son recibidos anualmente en el Programa. La Procuradora de Familia estuvo de acuerdo en que la doctora De Jesús testificara como perito en el aspecto de abuso sexual de menores.
A pesar del aval que dio la Procuradora de Familia, el tribunal de instancia decidió conforme a lo solicitado por la parte demandada y resolvió en sala que la testigo está cualificada para testificar como psicóloga clínica, pero no como perito en casos de abuso sexual de menores.
La abogada de Otero solicitó la reconsideración al tribunal de instancia, pero éste reafirmó su posición. En vista de que la parte demandante considera que el testimonio de la doctora De Jesús resulta de importancia para probar sus alegaciones, solicitó al juez que paralizara los procedimientos, de modo que pudiera recurrir ante nos.
El juez emitió su Resolución por escrito el 28 de marzo de 1996, notificada el 3 de abril de 1996. Como razones para no cualificar a la doctora De Jesús, el tribunal expuso que ésta no tenía, artículos publicados, que desconocía libros, tratadistas, teorías y temas sobre el abuso sexual infantil y que no conocía qué porcentaje constituyen los casos de abuso sexual de todos los casos que atiende el Programa Biosicosocial. Véase, Apéndice del certiorari, página 12. En su Resolución el tribunal afirma que las abogadas de ambas partes exigieron la paralización de los procedimientos, pero que esa facultad la tiene solamente el Tribunál de Circuito de Apelaciones. La parte demandada posteriormente solicitó enmienda a los efectos de que el tribunal aclarara que ésta no había solicitado la paralización. Véase, Apéndice página 21.
El 8 de abril de 1996 fue transcrita la Minuta de la vista del 26 de marzo de 1996. En la misma fue omitida toda referencia al hecho de que la Procuradora de Familia expresó su aprobación a que la doctora De Jesús testificara como perito en evaluación y terapia de niños abusados sexualmente porque entendía que su experiencia la cualificaba para ello. Véase, Apéndice página 7. Ello motivó que la Procuradora, Leda. Franco Carmona, presentara una Moción el 12 de abril de 1996 para pedir la corrección de la Minuta, de modo que dejara consignado cuál fue su postura. Véase, Apéndice página 23. La parte demandante solicitó igual remedio al tribunal de instancia. Véase, Apéndice página 19. También el 12 de abril 1996, la parte demandante solicitó la reconsideración en cuanto a la decisión del tribunal de no paralizar los procedimientos y no cualificar a su perito, Apéndice página 14.
Así las cosas, el 19 de abril de 1996, Otero presentó la solicitud de certiorari de epígrafe. En el *716 recurso, la peticionaria hace extensa referencia a la preparación académica y la experiencia de la doctora De Jesús, según fueron presentadas en la vista. Otero argumenta que su testigo cumple con los requisitos que las Reglas de Evidencia, infra, exigen para que un testigo sea cualificado como perito en una materia y busca apoyo en la jurisprudencia pertinente.
Este Tribunal acogió la solicitud en auxilio de jurisdicción y paralizó los procedimientos hasta tanto fuera resuelto el recurso. Tras numerosos trámites procesales, recibimos copia de la Transcripción Parcial de Evidencia (TPE) y las partes dieron el caso por sometido. Resolvemos.
II
El fin último de las Reglas de Evidencia es el descubrimiento de la verdad en todos los procedimientos judiciales, Regla 2 de Evidencia, 32 L.P.R.A. Ap. IV, Regla 2. En ese proceso de búsqueda, el juez está llamado a interpretar las Reglas de Evidencia "flexiblemente y de forma que garanticen una solución justa, rápida y económica a cualquier problema evidenciado," Id.
Esa filosofía permea las Reglas 52 y 53 de Evidencia, supra, relativas a la utilización de-testimonio pericial. Estas disposiciones responden a la realidad de que en ocasiones un juzgador de hechos necesita ayuda para entender la prueba o determinar un hecho en controversia, pues la adjudicación de la controversia que tiene ante sí requiere conocimientos científicos, técnicos o especializados, Regla 52 de Evidencia, supra. En esos casos, dicha ayuda provendrá del testimonio de un perito que ilustre al tribunal de forma que éste pueda ejercer su función adjudicativa de forma cabal e informada. "El criterio rector en relación con prueba de índole pericial lo es que la misma resulte de ayuda para el juzgador de hechos; siendo admisible dicho testimonio pericial aun cuando el mismo verse, precisamente, sobre la "cuestión" a decidir ("ultimate fact") por el referido juzgador de los hechos," Pueblo v. Canino, 93 J.T.S. 157, página 11315.
En casos donde hay una alegación de abuso sexual de un menor el testimonio de un perito adquiere especial importancia, Pueblo v. Canino, supra, página 11316:
"No hay duda, en consecuencia, que en un caso de alegado abuso sexual —especialmente en situaciones donde el menor perjudicado es de tierna edad— el testimonio pericial resulta ser de incalculable ayuda al juzgador de los hechos en su difícil función de pasar juicio sobre la inocencia o culpabilidad del acusado de esta clase de delito...". (Enfasis en el original).
Antes de recibir un testimonio pericial, el tribunal debe hacer una determinación preliminar de que ese testigo está capacitado como perito en relación con la materia sobre la cual va a declarar, Regla 52 de Evidencia, supra. Dicha determinación preliminar será efectuada conforme a las Reglas 9 y 53 de Evidencia, supra. La determinación preliminar sobre la admisibilidad de evidencia depende de que el juez considere que le ha sido presentada evidencia suficiente que establece la condición que un testigo debe satisfacer para declarar en el juicio. Véase, Chiesa Aponte, Ernesto L., Práctica Procesal Puertorriqueña, Volumen I- Evidencia, Publicaciones J.T.S., Inc., (1979), páginas 14-16. En este caso, la condición a satisfacer es que la testigo está cualificada para declarar como perito sobre una materia en particular por cumplir con los requisitos que establece la Regla 53 de Evidencia, supra:

"Regla 53. Cualificación como perito

(A) Toda persona está cualificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como un experto o perito en el asunto sobre el cual habrá de prestar testimonio. Si hubiere objeción de parte, dicho especial adiestramiento o instrucción deberán ser probados antes de que el testigo pueda declarar como perito.

(B) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de un testigo pericial podrán ser probados por cualquier evidencia admisible, incluyendo su propio testimonio". (Subrayado nuestro).
Nótese, que todo lo que la Regla requiere de un testigo pericial es que éste posea "especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como *717 un experto o perito en el asunto sobre el cual habrá de prestar testimonio." Este abarcador lenguaje consistentemente ha sido interpretado por la jurisprudencia y la doctrina de forma liberal.
Así, el Tribunal Supremo determinó en Pueblo v. Rodríguez Otero, 90 D.P.R. 861, 862 (1964), que la cualificación de un médico como perito no depende del hecho escueto de si posee una licencia para practicar su profesión en determinado lugar, sino más bien de que su preparación, entrenamiento y experiencia le capaciten para emitir una opinión con referencia a los puntos sobre los cuales se le interrogue.
En National Car Rental v. Caribe Motors, 104 D.P.R. 74, 75 (1975), tampoco le fue requerido a un testigo tener una preparación académica específica para que pudiera testificar como perito y opinar sobre la causa de un incendio en un automóvil. El testigo había sido miembro del Cuerpo de Investigaciones Criminales de la Policía y mecánico de aviación. La preparación que poseía y, sobre todo, la experiencia del testigo, fueron suficientes para que el Tribunal concluyera que éste no era un ignoramus y que podía apreciar los hechos y llegar a conclusiones informadas sobre ellos, National Car Rental v. Caribe Motors, supra, página 76.
Bajo la "cobertura dilatada" de la Regla 53 de Evidencia, supra, no sólo cualifican como peritos los "expertos" en sentido estricto (médicos, científicos, arquitectos, ingenieros, etc.) sino cualquier persona que tenga alguna preparación o conocimiento especial sobre la declaración. "Aun la experiencia se incluye como criterio", San Lorenzo Trading v. Hernández, 114 D.P.R. 704, 710-711 (1983).
En vista de que inclusive la experiencia puede cualificar a un testigo para ser perito, tampoco ha sido requerido que un perito posea un grado académico específico y especializado sobre la materia que va a declarar. Así, por ejemplo, al citar a Wharton, el Tribunal expresó que en casos de médicos que testifican en carácter de peritos "la cuestión es si el testigo está familiarizado con las teorías médicas que se relacionan con el problema.” (Enfasis nuestro), Wharton, Criminal Evidence (12a. Ed.), Volumen II, Sección 507, según citado en Pueblo v. Rodríguez Otero, supra.
En resumidas cuentas, la norma de cualificación de un perito es laxa, Emanuelli Jiménez, Rolando, Prontuario de Derecho Probatorio Puertorriqueño, Ed. Corripio, (1994), página 357. Dentro de estas circunstancias:
"[EJxigir una especialidad a un perito constituye una variación de los criterios de cualificación de la Regla, pues el hecho de que no tenga la especialidad no significa que no conozca el campo científico correspondiente. Este criterio sería equivalente a exigir la licencia gubernamental de la profesión o especialidad para permitir el testimonio pericial, algo que es claro no se requiere bajo esta Regla... Resolver que si no es especialista, no ayuda a la cuestión en controversia, puede llevar a injusticias en las cuales se suprima el único perito disponible que tenga una parte demandante para establecer su caso. La norma más sabia es que la especialidad debe incidir sobre el valor probatorio y no sobre la capacidad como perito." (Enfasis suplido).
Un examen minucioso de la transcripción sometida y del curriculum vitae que fuera admitido en evidencia, a la luz de las normas de derecho probatorio antes expuestas, conduce a concluir que la testigo presentada por la demandante cualifica como perito en la materia sobre la cual va a declarar: el abuso sexual de menores. La testigo de la parte demandante, doctora De Jesús, obtuvo su Bachillerato en Psicología en la Universidad de Puerto Rico (TPE, página 1). Continuó sus estudios graduados en esa disciplina en el Centro Caribeño de Estudios Post-Graduados, donde obtuvo el grado de Maestría en Ciencias y completó su Doctorado en Filosofía (Ph.D.) con especialidad en Psicología Clínica en esa misma institución (TPE, página 1). De Jesús aclaró que aunque en la época en que ella estudió el grado que confería el Centro Caribeño era el de Maestría en Ciencias, los cursos tomados a ese nivel eran de psicología (TPE, páginas 107 y 126). De Jesús posee licencia para ejercer la psicología en Puerto Rico (TPE, página 2).
• La doctora De Jesús labora como Psicóloga Clínica en el Programa Biosicosocial del Hospital Pediátrico Universitario en el Centro Médico en Río Piedras (TPE, página 1). Desde 1986 realiza, entre otras, las siguientes funciones: Ofrecer pruebas, diagnosticar y ofrecer tratamiento a niños *718 abusados y maltratados; intervención de crisis y terapia individual; terapia del juego y modificación de conducta; comparecencias en tribunales para ofrecer testimonio pericial; apoyo y preparación emocional de la víctima durante un proceso judicial; ofrecimiento de seminarios; participación en investigación relacionada (Apéndice página 2). Además de estas funciones, de 1992 a 1994 trabajó como Directora del Programa y ejerció también funciones administrativas (TPE, página 101; Apéndice página 2).
Aunque el Programa Biosicosocial no mantiene estadísticas sobre la proporción de casos de abuso sexual con relación a la totalidad de casos atendidos, la doctora De Jesús indicó que durante los años en que sí fueron elaboradas tales estadísticas, éstas reflejaron que la mayoría de los casos atendidos eran de niños(as) abusados sexualmente, (TPE, página 7).
Previo a su trabajo en el Programa, la doctora De Jesús trabajó para el Departamento de Salud, el Instituto Psicopedagógico y el Estado de Nueva York como psicóloga en el área de niños. (TPE, páginas 5-6).
La doctora De Jesús testificó que como parte de su educación continuada ha tomado distintos seminarios y adiestramientos en el área de abuso sexual de menores, tanto en Puerto Rico como en universidades de Estados Unidos (TPE, página 3). Véase, el Résumé admitido en evidencia, Anejo del Apéndice, páginas 4 a 6(A). Asimismo, surge que hasta 1994, la doctora De Jesús había ofrecido un total de nueve seminarios, entre estos sobresalen aquellos relacionados al menor abusado física y sexualmente, tales como: los que ofreció a jueces del Tribunal de Primera Instancia; a trabajadores sociales sobre la entrevista de estos niños; y la conferencia dictada en la Escuela de Medicina de la Universidad de Puerto Rico sobre el tratamiento de niños sexualmente abusados. [Véase, Apéndice páginas 6 y 6(A)].
La testigo declaró que es miembro de la APS AC (Association of Professionals on Sexually Abused Children), la asociación que reúne a los profesionales de los Estados Unidos que ofrecen tratamiento a niños abusados sexualmente (TPE, página 3). También testificó que ya ha comparecido en múltiples ocasiones ante los tribunales de Puerto Rico como perito en abuso sexual de menores, ya que esa es una de las funciones de su trabajo en el Programa Biosicosocial.
Entre las razones que adujo el tribunal de instancia para no cualificar a De Jesús como psicóloga con peritaje en casos de abuso sexual de menores está el que ésta no había publicado artículos porque ella sólo declaró haber sometido un artículo a la Revista Forum titulado "El Rescate Cognisitivo de los Niños Maltratados" que aún no había sido publicado. Sin embargo, surge del curriculum vitae que la doctora De Jesús también había publicado, en coautoría con la Dra. Brenda Mirabal, Directora del Programa Biosicosocial, un artículo sobre detección y rescate cognoscitivo del niño abusado en el Boletín de la Asociación Médica de Puerto Rico, Volumen 82 (Mayo 1990) y que durante el 122 Foro Anual de Investigación en el Departamento de Pediatría de la Escuela de Medicina de la Universidad . de Puerto Rico, publicó los hallazgos de la investigación que realizó junto a la doctora Mirabal sobre el uso del dibujo de la figura humana en la evaluación del niño sexualmente abusado (Apéndice página 1).
Durante el voir dire realizado por la abogada del demandado, ésta le preguntó a la testigo si conocía el trabajo de los autores "Sassy" y "Brook", a lo cual De Jesús respondió que no (TPE, páginas 23-24). No obstante, la doctora hizo la salvedad de que en el campo de abuso sexual de menores hay muchos autores escribiendo continuamente; que por eso ella utiliza las guías para entrevistas emitidas por las asociaciones profesionales de mayor prestigio, las cuales recogen el consenso de los estudios más confiables; y que con esas guías ella logra buenas entrevistas de sus pacientes (TPE, páginas 46-47 y 125).
La abogada trató de impugnar a la doctora De Jesús mediante preguntas por nombre sobre dos casos de la jurisprudencia norteamericana, uno de principios de siglo y otro de 1993, los cuales, como era de esperarse, la testigo no reconoció. Mas sin embargo, De Jesús conocía la materia de la cual trataban dichos casos cuando la abogada explicó la doctrina (TPE, página 31).
A preguntas de la abogada del demandado, la doctora De Jesús demostró tener dominio del tema *719 de la entrevista del menor abusado sexualmente, el uso de pruebas diagnósticas y el peso que debe ser otorgado a los resultados de dichas pruebas (TPE, página 42). Asimismo, contestó detalladamente las preguntas que formuló la Procuradora Especial de Relaciones de Familia, sobre los criterios que utiliza un psicólogo clínico para validar la existencia de abuso sexual en un menor (TPE, páginas 135-140). También en este interrogatorio la doctora De Jesús declaró que no existe actualmente un grado especializado en psicología de abuso sexual de menores, sino que la especialización la obtiene el profesional mediante la práctica y asistencia a seminarios y adiestramientos en esa materia (TPE, página 126).
La Procuradora estuvo de acuerdo en que la experiencia de la doctora De Jesús la capacitaba para testificar como perito en materia de abuso sexual de menores (TPE, página 165).
Tras considerar las credenciales académicas y profesionales de la doctora De Jesús, tenemos que diferir de la apreciación del tribunal de instancia. No cabe duda de que la testigo posee "especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como un experto o perito en el asunto sobre el cual va a declarar", el alegado abuso sexual de menores de edad. Eso es todo lo que la Regla 53 de Evidencia, supra, exige para que un testigo pueda emitir opiniones en carácter de perito.
La testigo cumple y excede los requisitos necesarios para declarar como perito. Además de tener todos los estudios y licénciamiento necesarios para trabajar como psicóloga, la doctora De Jesús posee una vasta experiencia, más de 24 años, trabajando como Psicóloga Clínica de niños (TPE, página 6). De esos años, lleva más de 10 en un Programa del Hospital Pediátrico, específicamente establecido para la evaluación y tratamiento de niños maltratados, la mayoría de los cuales son niños abusados sexualmente. Durante ese tiempo ha procurado estar al día mediante educación continuada sobre abuso sexual de menores.
Aunque es cierto que el tribunal de instancia tiene discreción al capacitar a un testigo como perito, Regla 52 de Evidencia, supra, y que su apreciación de la prueba es respetable, sin embargo, las decisiones del juzgador deben encontrar apoyo en la prueba que desfilara ante sí y representar el balance más racional, justiciero y jurídico de la totalidad de la evidencia desfilada ante dicho tribunal, Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987); Ramos Acosta v. Caparra Dairy, 113 D.P.R. 357, 364 (1982); Abudo Servera v. A.T.P.R., 105 D.P.R. 728 (1977). Ante una apreciación errónea de la prueba, como en el caso que nos ocupa, el arbitrio del juzgador de hechos no es absoluto ni tiene credenciales de inmunidad frente a la función revisora de un tribunal apelativo, Rivera Pérez v. Cruz Corchado, supra.
No cabe duda de que en este caso el balance más racional, jurídico y justiciero de la evidencia presentada lleva a concluir que el tribunal de instancia tuvo ante sí evidencia suficiente que demostró la pericia y conocimiento particular de la doctora De Jesús en el área de abuso sexual de menores y que está capacitada para emitir una opinión informada que sirva de ayuda al juzgador de hechos. Su peritaje en la evaluación y tratamiento de niños abusados sexualmente proviene de la práctica, experiencia y continuo adiestramiento en tan delicada área de la psicología.
En estas circunstancias, exigir un grado académico sub-especializado (que ni siquiera existe aún) como requisito para declarar como perito en abuso sexual infantil sencillamente rompe con el ordenamiento procesal vigente en materia de testimonio pericial. El tribunal no dio una sola razón de peso para negarle la capacitación como perito en materia de abuso sexual a la doctora De Jesús. El tribunal a quo abusó de su discreción y procede que REVOQUEMOS su Resolución.
III
En virtud de todo lo anterior, este Tribunal EXPIDE el auto de certiorari y REVOCA la Resolución del 28 de marzo del Tribunal de Primera Instancia, Sala Superior de Bayamón, en el caso DDI-93-1838 (705). La testigo de la parte demandante, Dra. Haydée De Jesús, está capacitada como perito en materia de abuso sexual de menores y podrá ofrecer su testimonio y opiniones periciales sobre ese asunto. El caso deberá ser DEVUELTO al tribunal de instancia para la CONTINUACION de los procedimientos.
*720 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General